UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MITCHELL RIVERA,

                                          Plaintiff,

                                                                                      5:16-CV-00997
v.                                                                     (NAM/TWD)

FEDERAL BUREAU OF INVESTIGATION, et al.

                                       Defendants.
_____

APPEARANCES:

MITCHELL RIVERA
Plaintiff pro se
13210 S. Conduit Avenue
Jamaica, New York 11430

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

**I.    INTRODUCTION**

       The Clerk has sent to the Court for initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) the amended complaint submitted by Plaintiff Mitchell Rivera.[1] (Dkt. No. 7.) Also before the Court is a motion by Plaintiff to transfer venue of the case to the Southern District of New York where Plaintiff now resides. (Dkt. No. 8.) For reasons explained below, the Court recommends that Plaintiff's amended complaint (Dkt. No. 7) be *sua sponte* dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and that his motion for a transfer of venue be denied as moot. (Dkt. No. 8.)

---

[1] Plaintiff's consolidated application to proceed *in forma pauperis* (Dkt. Nos. 2 and 2-1) was granted by the Court in an Order and Report-Recommendation filed on September 13, 2016. (Dkt. No. 5.)

## II. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) directs that when a plaintiff is allowed to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III.   PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS

#### A.   Plaintiff's Original Complaints

In August 2016, Plaintiff submitted a civil rights complaint under *Bivens* and 42 U.S.C. § 1983 and a complaint for injunctive relief which he asked the Clerk to file in a single action.

(Dkt. Nos. 1 and 1-1.)  The Defendants named in the original complaints, which were treated as a single pleading for initial review, were the Federal Bureau of Investigation ("FBI"); former FBI Director, James B. Comey, Jr.; FBI Special Agent in Charge, Andrew Vale; FBI Assistant Directors, Diego Rodriguez and George Venizelos; and New York State Attorney General Eric T. Schneiderman.  (Dkt. No. 1 at 1-4.[2])

Upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Hon. Norman A. Mordue, Senior United States District Judge, dismissed Plaintiff's complaints.  (Dkt. No. 6.)  Plaintiff's claims against Defendants under the Second, Third, Eighth, Ninth, and Tenth Amendments; 15 U.S.C. §§ 2, 13; 17 U.S.C. §§ 5, 11; 18 U.S.C., §§ 241, 242, 245, 247, and 249; and *Bivens* claims against the FBI and Defendants Comey, Vale, Rodriguez, and Venizelos in their official capacities were dismissed with prejudice.  *Id*. at 2.  Plaintiff's *Bivens* claims, if any, for money damages against Comey, Vale, Rodriguez, and Venizelos in their individual capacities; claims for injunctive relief against the FBI, Comey, Vale, Rodriguez, and Venizelos; and Plaintiff's § 1983 claim against Schneiderman were dismissed without prejudice and with leave to amend.  *Id*.

**B.     Plaintiff's Amended Complaint**

Plaintiff has named new Defendants in his proposed amended complaint including the Suffolk County Police, Unknown Officers, Police Commissioner Timothy D. Sini, and John L. Barry, Police Headquarters; New York Police Department, Unknown Officers, and Police Commissioner James P. O'Neill; Philadelphia Police, Unknown Officers, and Police

---

[2]  Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

Commissioner Richard Ross, Jr.; Unknown Federal Agents; former Attorney General Loretta Lynch; Eugene Conway and Unknown Officers, Liverpool/Onondaga County Sheriff; and Jersey City Police, Unknown Officers, and Chief of Police Philip Zacche. (Dkt. No. 7 at 1-5.) Plaintiff has not identified New York State Attorney General Schneiderman as a Defendant in his proposed amended complaint.[3] *Id*.

Plaintiff's sixty-eight page amended complaint, in which he now seeks monetary damages in addition to injunctive relief, and purports to add a Federal Torts Act claim to his claims under *Bivens* and § 1983, consists almost entirely of a rambling, delusional narrative in the form of a hand-written letter to the Court.[4] *Id*. at 7-66. " *Id*. at 7.

According to Plaintiff, although he did not know it at the time, he thinks he has been under investigation by the FBI since at least 1999. *Id.* at 11. The articulated reasons for his belief is that his maternal uncles served time for cartel ties in the 1980's, and two of them were murder suspects since the 1970's when his deceased grandmother's landlord went missing. *Id*. at 12. In addition, Plaintiff alleges that a number of Plaintiff's family members and friends had friendships with famous actors and musicians including Joe Pesci, Biz Markie, 50 Cent, Big Pun,

---

[3] If Plaintiff had named Schneiderman, the Court would recommend *sua sponte* dismissal with prejudice against him as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

[4] Plaintiff has explained that "the intention of this letter is to serve as the amended version of the complaint in which it was recommended that I amend." (Dkt. No. 7 at 7.) Ordinarily, rather than conduct an initial review of the amended complaint submitted by Plaintiff, the Court would order him to submit an amended complaint in compliance with Federal Rules of Civil Procedure 8(a) and 10(b), requiring a short and plain statement of the claims asserted in numbered paragraphs "each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). However, a review of Plaintiff's amended complaint has convinced the Court that the pleading is frivolous and placing Plaintiff's letter narrative in the requisite pleading format would not make it any less so.

Joe Budden, Z Pac, and Russell Simmons. *Id*. at 12-13.

In 2006, Plaintiff's aunt told the courts Plaintiff had committed fraud in making himself the sole beneficiary of a $50,000 life insurance policy on the life of his mother, who died in 2005. (Dkt. No. 7 at 7.) Plaintiff claims that beginning in 2007, unknown FBI agents began doing such things as getting him fired from his employment and preventing him from obtaining new employment; interfering with his businesses; interfering with his medical and dental treatment; attempting to entrap him; forcing him from places he was renting and tricking him into renting apartments in "trap locations," which Plaintiff describes as government owned or controlled buildings or residences in which FBI agents or other law enforcement officers were planted as neighbors for the purpose of harassing him; interfering with his music business and destroying his music; physically assaulting him; and surveilling him using helicopters and FBI airplanes. (*See generally* Dkt. No. 7 at 15-66.)

By way of example, Plaintiff alleges that unidentified FBI agents had him fired from his job at Continental Resources in 2008, and at the same time stopped the money from coming in on Plaintiff's online business, a website named lezboland.com, which had been doubling in profit every month, so that the FBI agents could entrap him into taking an off the books job with a guy named Yan. *Id*. at 16. Plaintiff also alleges that FBI agents, including a Robert Howard,[5] interfered with music demos sent to Universal Studios and a re-mix sent to Shady Records; communications between Plaintiff and Universal, SONY, Shady Records, and various musical artists, including Joe Weinberger, with whom Plaintiff was Facebook friends until FBI agents Joe

---

[5] Plaintiff mentions agent Robert Howard numerous times in his amended complaint and alleges the FBI acknowledged that Howard was a made up person. (Dkt. No. 7 at 30.)

and Craig cut off the communications. *Id*. at 42-49.

With regard to medical treatment, Plaintiff alleges that after he had arranged for his health insurance company to pay for corrective nasal surgery for a collapsed valve by a Dr. Pober, FBI agents started acting like Plaintiff had re-collapsed the valve himself and was a fraud and convinced Dr. Pober not to do the surgery. *Id*. at 20-21. According to Plaintiff, there were unknown FBI agents in Dr. Pober's office every time Plaintiff visited in March through May of 2008. *Id*. at 21. Plaintiff was forced to have three unsuccessful surgeries done on the valve by lesser qualified surgeons, after which agent Robert Howard told Plaintiff if he wanted to have successful surgery he would have to surrender to Howard for stealing money. *Id*. at 22. Plaintiff also alleges that the FBI prevented Plaintiff from having eight cavities filled after agents interceded to prevent dental offices from accepting his insurance. *Id*. at 27-28.

Plaintiff's amended complaint includes numerous allegations regarding FBI agents interfering with his housing. For instance, Plaintiff alleges that in 2006, a man across the street from Plaintiff's residence in Brooklyn, whom he believes to have been an FBI agent, threatened Plaintiff and his landlord's son forcing Plaintiff to move to New Jersey in August 2008. *Id*. at 33. Federal agents rerouted Plaintiff's craigslist results and tricked him into moving into the top floor of a house, which Plaintiff later learned was illegal space. *Id*. at 33. Plaintiff was then moved to another trap location next to an area of Jersey City with lots of drugs. *Id*. at 33-34. At the new residence, the daughter of an unidentified man would dress like a porn star on Plaintiff's computer, invading his privacy. *Id*. at 34.

In or about late 2008 or early 2009, Robert Howard allegedly put a bullish lesbian in an apartment next door to Plaintiff's to tap on the walls if Plaintiff was watching lesbian porn in

7

private. *Id*. at 35. Plaintiff was forced to live with an agent/stripper posing as his girlfriend in 2009. *Id*. at 36. He subsequently ended up living in a trap room in an apartment shared with two federal agents, Emma and Danny. *Id*. Emma would defecate and not flush the toilet, and her feces came to represent "the twins that would have been in [his] father's eyes according to the federal agents only." *Id*. at 36-37. Subsequently, Plaintiff was forced to move into a trap house in Bellport, New York shared with cops and agents who tried to entrap him into selling food stamps illegally by taking away toilet paper. *Id*. at 37. They removed all the window and door screens to fill the house with mosquitoes while Plaintiff was stranded there. *Id*. at 38. In a trap location in Huntington Station, New York, agents turned up the heat to 100 degrees in the winter to torture Plaintiff. *Id*.

    Plaintiff alleges he has evidence that in a trap house in Philadelphia where he was living with agents Tom and Jerry, who walked around wearing only pink underwear, the agents intentionally put a hole in the floor and released wasps through the house. *Id*. at 39. Plaintiff is pretty sure they also used tear gas on him and released a chemical agent that gave him a rash. *Id*. Plaintiff claims federal choppers hovered over the trap locations where Plaintiff lived. *Id*. at 23, 29, 61. According to Plaintiff, in 2013, the FBI intentionally had every single airplane that flew out of LaGuardia Airport fly directly over his building in the Bronx at 5:00am in the morning in order to get people mad at him. *Id*. at 58. At the same time, they had pregnant agents with twin dogs and an FBI RV and van outside. *Id*.

    Plaintiff also alleges that the Defendant local police departments, commissioners, and officers have either worked with the FBI or failed to provide assistance to him. *Id*. at 31, 36, 39, 41, 54.

## IV.     ANALYSIS

Upon review, the Court finds the amended complaint's allegations are "fanciful," "fantastic," and "delusional" to the point of being "clearly baseless." *See Neitzke*, 490 U.S. at 327-28; *Denton v. Hernandez,* 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Mecca v. U.S. Government,* 232 F. App'x 66, 67 (2d Cir. 2007) (affirming district court dismissal of complaint that was "replete with fantastic and delusional scenarios"); *Samuel v. Bloomberg*, No. 13-CV-6027 (BMC), 2013 WL 5887545, at *1 (E.D.N.Y. Oct. 31, 2013)[6] (dismissing frivolous pro se complaint explaining "[p]laintiff's allegations    even under the very liberal reading we accord pro se pleadings (and even if plaintiff himself believes them to be true)    can only be described as delusional and fantastic.").

The Court finds nothing in Plaintiff's amended complaint that alleges a federal cause of action against any of the Defendants under *Bivens*, the Federal Tort Claims Act, 28 U.S.C. § 1346(b), or § 1983.  Because the amended complaint is based on a fanciful factual scenario such that it cannot be cured by further amendment, the Court concludes that it would be futile to grant leave to amend and, therefore, recommends *sua sponte* dismissal with prejudice.  *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile.").

Inasmuch as the Court is recommending Plaintiff's amended complaint (Dkt. No. 7) be

---

[6]    A copy of the unpublished decision cited herein will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

*sua sponte* dismissed, the Court is also recommending that Plaintiff's motion for a transfer of venue to the Southern District of New York (Dkt. No. 8) be denied as moot.

**ACCORDINGLY**, the Court hereby

**RECOMMENDS** that Plaintiff's amended complaint (Dkt. No. 7) be *sua sponte* **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. 1915(e)(2)(B)(i); and it is further

**RECOMMENDED** that Plaintiff's motion for transfer of venue to the Southern District of New York (Dkt. No. 8) be **DENIED AS MOOT**; and it is hereby

**ORDERED**, that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with a copy of the unpublished decision in *Samuel v. Bloomberg*, No. 13-CV-6027, 2013 WL 5887545 (E.D.N.Y. Oct. 31, 2013), in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[7] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

Dated: January 3, 2018
       Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

2013 WL 5887545
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court,
E.D. New York.

Alexander SAMUEL also known as George Washington Lord Protector of the USA; Jesus Christ Highest Lord of Orthodox Church, Plaintiff,
v.
Mr. Michael R. BLOOMBERG, Mayor of New York City, KGB–FSB–SVR spy of Russia, et al., Defendants.

No. 13 Civ. 6027(BMC).
|
Oct. 31, 2013.

**Attorneys and Law Firms**

Alexander Samuel, Brooklyn, NY, pro se.

### DECISION AND ORDER

COGAN, District Judge.

**\*1** On October 25, 2013, plaintiff Alexander Samuel, appearing *pro se,* filed the instant action. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the complaint as set forth below.

### *Standard of Review*

In reviewing plaintiff's complaint, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotation marks omitted). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009). Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998) (internal quotation marks and citation omitted).

### *Discussion*

The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff's pleadings are irrational and incredible. Plaintiff's allegations—even under the very liberal reading we accord *pro se* pleadings (and even if plaintiff himself believes them to be true)—can only be described as delusional and fantastic. *See Denton,* 504 U.S. at 33.

Plaintiff brings this action against 33 defendants, including President Obama, former President Clinton, Benjamin Netanyahu, Vladimir Putin and the Roman Catholic Church. Plaintiff alleges that defendants are part of a conspiracy to assassinate him in retaliation for voting against President Obama, for exposing a spy ring involving the Russian Government and for filing lawsuits in the United States District Court for the Southern District of New York. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action is dismissed. *See Livingston,* 141 F.3d at 437.

Furthermore, the Court takes judicial notice of plaintiff's litigation history in the Southern District of New York where he is now barred from filing any new *in forma pauperis* action without first obtaining the Court's permission. *See Samuel v. Bloomberg,* No. 11 Civ. 4609 (S.D.N.Y. Sept. 27, 2011); *see also Samuel v. Bloomberg,* No. 11 Civ. 1119 (S.D.N.Y. Apr. 22, 2011); *Samuel v. Bloomberg,* No. 10 Civ. 3267 (S.D.N.Y. Apr 19, 2010); *Samuel v. Bellevue Hosp.,* No. 07 Civ. 6321 (S.D.N.Y. Aug. 22, 2008). Plaintiff is warned that this Court will also not tolerate the abuse of its resources and that he may be

barred here as well if he continues to file frivolous *in forma pauperis* actions in this Court. See *Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir.2000); *see also Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir.2005); 28 U.S.C. § 1651(a).

### *Conclusion*

**\*2** Accordingly, the complaint, filed *in forma pauperis,* is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

### *CIVIL JUDGMENT*

Pursuant to the Court's Memorandum Decision and Order issued on October 31, 2013 dismissing this Complaint, it is

**ORDERED, ADJUDGED AND DECREED:** That this Complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from the order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 5887545