UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MITCHELL RIVERA,**

       **Plaintiff,**

v.    5:16-CV-997 (NAM/TWD)

**FEDERAL BUREAU OF INVESTIGATION,** *et al.***,**

       **Defendants.**
_____

**APPEARANCES:**

Mitchell Rivera
The Summit Apartments at Queens College
64-80 Kissena Blvd, Box #9
Flushing, New York 11367
*Plaintiff, pro se*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge**

### MEMORANDUM-DECISION AND ORDER

**I.  Introduction**

    Plaintiff *pro se* Mitchell Rivera commenced this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), by filing two complaints alleging violations of his civil rights.  (Dkt. No. 1).  Upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed Plaintiff's complaints.  (Dkt. No. 6). Plaintiff's claims against Defendants under the Second, Third, Eighth, Ninth, and Tenth Amendments; 15 U.S.C. §§ 2, 13; 17 U.S.C. §§ 5, 11; 18 U.S.C., §§ 241, 242, 245, 247, and 249; and *Bivens* claims against the FBI and Defendants Comey, Vale, Rodriguez, and Venizelos in their official capacities were dismissed with prejudice.  (*Id*., p. 2).  Plaintiff's *Bivens* claims, if any, for money damages against Comey, Vale, Rodriguez, and Venizelos in their individual

capacities; claims for injunctive relief against the FBI, Comey, Vale, Rodriguez, and Venizelos; and Plaintiff's § 1983 claim against Schneiderman were dismissed without prejudice and with leave to amend. (*Id.*). On November 15, 2016, Plaintiff filed a sixty-eight page Amended Complaint, which added a Federal Torts Act claim and a raft of new defendants and allegations. (Dkt. No. 7). On December 14, 2017, Plaintiff also filed a motion to transfer venue of the case to the Southern District of New York, where Plaintiff now resides. (Dkt. No. 8).

On January 3, 2018, United States Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation, which recommended that Plaintiff's Amended Complaint be *sua sponte* dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and that his motion for a transfer of venue be denied as moot. (Dkt. No. 9). On January 19, 2018, Plaintiff filed timely objections to the Report-Recommendation. (Dkt. No. 10).

On March 16, 2018, Plaintiff also filed a motion to "reconsider previous reports and recommendations." (Dkt. No. 13). In the letter, Plaintiff conveys his mistaken impression that the January 3, 2018 Order and Report-Recommendation dismissed the Amended Complaint with prejudice. (Dkt. No. 13-1, p. 1). He writes to Judge Dancks that he is "uncertain at this point whether I am only waiting for your response to my objections," and that "[o]ptimally I would most prefer a transfer, followed by an indefinite voluntary dismissal without prejudice because I agree my complaints are flawed due to a lack of experience in this capacity." (*Id.*). Plaintiff also writes of his "confusion as to when the 60-day period to file a notice of appeal commences." (*Id.*, p. 2).

For clarification, the January 3, 2018 Order and Report-Recommendation issued by Judge Dancks did not dismiss or dispose of Plaintiff's Amended Complaint, and thus it was not a

2

final order or judgment suitable for reconsideration. *See* Fed. R. Civ. P. 60(b). Under Rule 72 of the Federal Rules of Civil Procedure, a magistrate judge may *recommend* a disposition, after which a party has 14 days to file specific objections, and it is then up to the *district judge* to accept, reject, or modify the recommended disposition. *See* Fed. R. Civ. P. 72(b). In this case, Judge Dancks recommended dismissal of the Amended Complaint with prejudice, Plaintiff filed timely objections, and now the district judge takes up the matter. Plaintiff shall have 60 days after entry of *judgment* within which to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). For the reasons set forth below, the Report-Recommendation is adopted in its entirety and Plaintiff's Amended Complaint is dismissed with prejudice.

**II.    Standard of Review**

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atlantic Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the Report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "To the extent . . . that the party makes only conclusory or general arguments . . . the Court will review the Report strictly for clear error." *DiPilato v. 7-Eleven, Inc.*, 662 F Supp. 2d 333, 339 (S.D.N.Y. 2009).

**III.    Discussion**

In her Report, Magistrate Judge Dancks observed that Plaintiff's Amended Complaint "consists almost entirely of a rambling, delusional narrative in the form of a hand-written letter to the Court." (Dkt. No. 9, p. 5). Judge Dancks summarized Plaintiff's allegations, which essentially amount to a vast conspiracy by law enforcement against him. (*Id.*, pp. 5–8). Judge Dancks found that Plaintiff's allegations "are 'fanciful,' 'fantastic,' and 'delusional' to the point of being 'clearly baseless.'" (*Id.*, p. 9) (citations omitted). Judge Dancks found "nothing in Plaintiff's amended complaint that alleges a federal cause of action against any of the Defendants under *Bivens*, the Federal Tort Claims Act, 28 U.S.C. § 1346(b), or § 1983." (*Id.*). Further, Judge Dancks recommended *sua sponte* dismissal with prejudice "[b]ecause the amended complaint is based on a fanciful factual scenario such that it cannot be cured by further amendment," and therefore, "it would be futile to grant leave to amend." (*Id.*). Finally, Judge Dancks recommended that Plaintiff's motion for a transfer of venue be denied as moot. (*Id.*).

In Plaintiff's objection letter, he writes that he is "aware of the non frivolous or malicious aspects of my claim." (Dkt. No. 10, p. 1). Plaintiff writes that "I am not delusional regarding events," and "I have a complex scenario that justifies the non malicious nature of my claim." (*Id.*, p. 2). Further, Plaintiff writes that "[s]ome of the details seem outrageous but I attest they are true and I have evidence of most of it which I was unaware I could submit." (*Id.*, p. 3). Plaintiff writes that "I object and would like to go through the appeal process for a dismissal without prejudice, successful suit, or trial." (*Id.*, p. 3). Finally, Plaintiff writes that "I would also still like a transfer," and that "[p]art of the reason I requested a transfer was it is easier to get Pro Bono representation for civil suits in NYC." (*Id.*, pp. 1, 3).

4

Although Plaintiff disagrees with the findings and recommendations made by Judge Dancks and claims to have a non-frivolous case, he does not provide any basis for his assertions. Plaintiff writes that there are "non frivolous or malicious aspects," but he does not share any new information to support his conclusory statements. Therefore, given Plaintiff's failure to make any *specific* objections, the Court has reviewed the Report-Recommendation for clear error, and found none. Moreover, even were the Court to review *de novo*, the result would be the same. Plaintiff's allegations are indeed so nonsensical and preposterous as to be clearly baseless. The Court agrees Plaintiff has failed to allege a federal cause of action against any of the Defendants, and moreover, that amendment would be futile given the "fanciful factual scenario" alleged in the Amended Complaint and the conclusory assertions in Plaintiff's objections.[1]

**IV.   Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks's Report-Recommendation (Dkt. No. 9) is **ADOPTED in all respects**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 7) is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(i); and it is further

**ORDERED** that Plaintiff's Motion to Transfer Venue (Dkt. No. 8) is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's Motion to "reconsider previous reports and recommendations" (Dkt. No. 13) is **DENIED**; and it is further

---

[1] To the extent Plaintiff's March 16, 2018 motion could be construed as lodging any additional objection to the Report-Recommendation, it would be both untimely and unavailing for the same reasons.

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York and to serve Plaintiff by both regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated: March 23, 2018
Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge