UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MITCHELL RIVERA,**

        **Plaintiff,**

  v.                                        **5:16-CV-997 (NAM/TWD)**

**FEDERAL BUREAU OF INVESTIGATION,** *et al.***,**

        **Defendants.**
_____

**APPEARANCES:**

Mitchell Rivera
The Summit Apartments at Queens College
64-80 Kissena Blvd, Box #9
Flushing, New York 11367
*Plaintiff, pro se*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

    **I.**    **Introduction**

Plaintiff *pro se* Mitchell Rivera returns to the Court with a motion to "Reconsider and reopen Case under Fed. R. Civ. P. 60(b)," which relates to the Court's March 23, 2018 decision dismissing the Amended Complaint. (Dkt. Nos. 14, 17). By way of relevant background, Plaintiff commenced this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging a vast conspiracy against him by law enforcement and various related violations of his civil rights. (Dkt. No. 1). Upon initial

1

review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed Plaintiff's complaints. (Dkt. No. 6). On November 15, 2016, Plaintiff filed an Amended Complaint, which added new defendants and allegations. (Dkt. No. 7). On January 3, 2018, United States Magistrate Judge Thérèse Wiley Dancks recommended that Plaintiff's Amended Complaint be *sua sponte* dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). (Dkt. No. 9).

Plaintiff objected to the Report-Recommendation, but on March 23, 2018, the Court adopted the Report-Recommendation in its entirety and dismissed Plaintiff's Amended Complaint with prejudice. (Dkt. Nos. 10, 14). The Court found that while Plaintiff claimed to have a non-frivolous case, he did not provide any basis for his assertions or in any way support his conclusory statements. (Dkt. No. 14, p. 5). The Court thus concluded that Plaintiff failed to make any specific objections to the Report-Recommendation, and there was no clear error. (*Id.*). Further, the Court found that, even on *de novo* review of the Amended Complaint, Plaintiff's allegations were "indeed so nonsensical and preposterous as to be clearly baseless." (*Id.*). The Court agreed with Judge Dancks that "Plaintiff has failed to allege a federal cause of action against any of the Defendants, and moreover, that amendment would be futile given the 'fanciful factual scenario' alleged in the Amended Complaint and the conclusory assertions in Plaintiff's objections." (*Id.*). Plaintiff now seeks relief from the Court's final order and judgment, on various grounds under Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 17).

**II.    Standard of Review**

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

2

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). In general, Rule 60(b) motions "are disfavored." *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Id.* The burden of proof is on the party seeking relief from the judgment. *See Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).

**III.    Discussion**

Plaintiff has submitted a rambling narrative which invokes almost all of the possible grounds for relief under Rule 60(b). The Court will address each in turn. First, Plaintiff claims, under subsection one, that he "mistakenly did not realize that I could submit photographs, screenshots, or other documents that prove beyond a reasonable doubt that my allegations were not irrational or delusional such as FBI Surveillance being on my PC, or mobile WIFI networks for several years prior to the original order being entered." (Dkt. No. 17, p. 5). Plaintiff also claims to have "evidence that the FBI instructed a dentist to tell me I did not have any cavities

3

about two weeks after two other dentists told me that I did all while it had stated FBI Surveillance in my mobile networks for lengthy time." (*Id.*). However, at the pleading stage, Plaintiff did not have to substantiate his case with evidence. He simply had to make allegations of a non-frivolous nature sufficient to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff failed to do so, despite multiple opportunities. Therefore, his alleged mistake does not provide a basis for relief. Nor does Plaintiff's claim that he was unable to hire a lawyer prior to the Court's orders. (Dkt. No. 17, p. 5).

Second, under subsection two, Plaintiff claims that "[t]here are new incidents pertaining to this complaint that have arisen since my initial complaints were entered." (Dkt. No. 17, p. 6). Plaintiff states that "[o]ne of the agents named Joe who I previously mentioned stated a lady who lived across the street in Syracuse, NY was an FBI agent in 2014," and "[t]his lady is now a security guard at my dorm in Queens, NY in 2018." (*Id.*). Plaintiff also states that, after filing the complaint, he was unlawfully evicted by the same agents he had complained about, and then placed in homeless shelters in 2017, where one of his roommates was allegedly another government agent and he was "victimized via objective entrapment." (*Id.*). However, the Court must emphasize again that Plaintiff's case failed at the pleading stage based on the *allegations*, without considering any evidence. Therefore, any "newly discovered evidence" would not provide a basis for relief. Moreover, even if the Court considered Plaintiff's statements as new allegations in support of the Amended Complaint, they would not change the outcome. Rather, Plaintiff's statements further show that his action is frivolous and fails to state a claim.

4

Third, under subsection three, Plaintiff claims that "[t]he authorities are committing fraud by objectively entrapping me via fraudulent means." (Dkt. No. 17, p. 6). Plaintiff states that "[a]dmitting I am delusional when I have evidence I am not as relating to these events is entrapment, and self-incrimination." (*Id.*). In the course of a long digressive commentary, Plaintiff states that "I made no claims that could be interpreted as delusional." (*Id.*, p. 7). However, Plaintiff has not shown fraud *by an opposing party*, as required by Rule 60(b)(3). Indeed, Plaintiff is the *only party* who has appeared in this action. Therefore, relief is not available on this basis.

Fourth, under subsection four of Rule 60(b), Plaintiff claims that "[t]he judgement is void because it is irrational in stating that I have a delusional recollection of events without requesting to see evidence." (Dkt. No. 17, p. 7). In general, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Plaintiff has not shown either scenario. Plaintiff had notice of the pleading requirements and multiple opportunities to be heard, and yet he failed to clear the modest threshold set by 28 U.S.C. § 1915(e)(2)(B), as discussed above. Therefore, Plaintiff is not entitled to relief under Rule 60(b)(4).

Finally, Plaintiff invokes subsection six of Rule 60(b), and then offers a long, colorful, paranoid, and confusing commentary, which even implies that the Court is part of the conspiracy against him. (*See* Dkt. No. 17, pp. 8–9). Suffice to say that Plaintiff does not suggest any reason for relief under Rule 60(b)(6), which requires a showing of "extraordinary circumstances" or

5

"extreme hardship." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (citing cases). Therefore, Plaintiff is not entitled to relief under Rule 60(b)(6).

In sum, Plaintiff has failed to show that he is entitled to relief from the Court's decision of March 23, 2018 dismissing the Amended Complaint.[1]

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to "Reconsider and reopen Case under Fed. R. Civ. P. 60(b)" (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York and to serve Plaintiff by both regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated: June 8, 2018
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

[1] To the extent Plaintiff's motion could be construed as one for reconsideration, it would be untimely and also fail for the same substantive reasons explained herein.